**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-02125-REB

TATIA L. STEARNS,

    Plaintiff,

v.

LINDA S. McMAHON,[1] Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY DECISION
AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed October 24, 2005, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse the decision and remand this case to the Commissioner.

### I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Linda S. McMahon became the Acting Commissioner of Social Security on January 20, 2007, and, thus, her name is substituted for that of Jo Anne B. Barnhart as the defendant in this suit. **FED.R.CIV.P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

Plaintiff alleges that she is disabled as low back pain and anxiety.[2]  After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on January 25, 2005.  At the time of the hearing, plaintiff was 39 years old.  She has a tenth grade education and past relevant work experience as a bartender and numerical control lathe operator.  She has not engaged in substantial gainful activity since January 11, 2002.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform a significant range of sedentary work.  Although she was unable to return to her past relevant work, which was skilled, the ALJ found that there were jobs existing in significant numbers in the national economy that she could perform given her residual functional capacity.  He, therefore, found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work

---

[2] Although plaintiff also claimed to be disabled by fibromyalgia and impairments of the cervical spine, the ALJ found no evidence to support the existence of these impairments (Tr. at 14), and plaintiff does not dispute that determination on appeal.

2

and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work

> in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff maintains that the ALJ erred in assessing her mental residual functional capacity by not accounting for all her limitations supported by the evidence.  This error allegedly led the ALJ to propound an incomplete hypothetical to the vocational expert, who, in turn, erroneously posited the existence of other jobs that plaintiff could perform.  Plaintiff contends that if the mental limitations supported by the record were actually taken into account, they would erode the availability of these other jobs to the extent that they would not exist in sufficiently significant numbers to carry the Commissioner's burden of proof at step five of the sequential evaluation.  I agree with plaintiff, and, thus, reverse the Commissioner's decision.

In connection with her claim for benefits, plaintiff underwent a psychological consultative examination with Dr. Robert Hammer, who diagnosed her with generalized anxiety disorder and pain disorder.  Her then-current Global Assessment of Functioning was found to be 55, indicating moderate symptoms, such as circumstantial speech and occasional panic attacks or moderate difficulty in social or occupational functioning as evidenced by few friends and conflicts with peers or coworkers.  *See* American Psychiatric Association, **Diagnostic & Statistical Manual of Mental Disorders** at 34 (4th ed. 2000).  Dr. Hammer concluded that plaintiff's anxiety about reinjuring her back would make it difficult for her to maintain adequate attention and concentration to complete tasks.  He further noted that she could not be expected to exercise good

5

judgment or decision making without supervision, "[o]therwise her anxiety level may be increased to the point that she would have to retire from the work area." (Tr. at 146.)

A non-examining consultant, Dr. M. Jane Bibber, reviewed Dr. Hammer's report and completed a Mental Residual Functional Capacity Assessment. Therein, she noted that plaintiff was moderately limited in her ability to maintain concentration, persistence, and pace. (*Id*. at 175.) More specifically, she found that plaintiff was moderately limited in her ability to carry out detailed instructions; to maintain attention and concentration for extended periods; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; to sustain an ordinary routine without special supervision; and to complete a normal work day and work week without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.* at 160-161.) A second non-examining consultative psychologist, Dr. David Christensen, agreed with Dr. Bibber's assessment of plaintiff's mental residual functional capacity. (*See id*. at 165.)

The ALJ, however, did not fully credit these medical opinions. Instead, he found as follows:

> Giving the claimant significant benefit of the doubt, the undersigned has determined that the claimant has a severe anxiety disorder. However, the claimant's lack of treatment for this condition fails to support the degree of severity alleged. Moreover, although the State agency medical consultants who reviewed the record initially and on reconsideration assessed [plaintiff] with . . . a number of functional limitations based on her anxiety, the undersigned finds the claimant's [sic] does not have such extensive

6

> limitations due to her alleged anxiety disorder. Consistent with the State agency psychological consultant, however, the undersigned agrees that the claimant has no more than moderate limitations in concentration, persistence, and pace, and no more than mild limitations in her social function and daily activities. In addition to the aforementioned sedentary work restrictions, the undersigned therefore finds the claimant is also restricted to the performance of work with a specific vocational preparation level of 2 or less. She is unable to perform complex tasks.

(Tr. at 16-17.) In discrediting the opinions regarding plaintiff's functional limitations based on plaintiff's failure to seek treatment for her psychological condition, the ALJ committed reversible error. While a failure to seek treatment for a remediable condition is a perfectly acceptable basis on which to find a claimant not credible, *see Qualls v. Apfel*, 206 F.3d 1368, 1372-73 (10th Cir. 2000); *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991), it is not proper for the ALJ to discount a medical source opinion incorporating a claimant's subjective reports of symptoms based on the ALJ's own assessment of the claimant's credibility, *see McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002); *Nieto v. Heckler*, 750 F.3d 59, 60-61 (10th Cir. 1984). To do so improperly substitutes the ALJ's lay opinion for a medical opinion. *See Candelario v. Barnhart*, 166 Fed.Appx. 379, 384 (10th Cir. Feb. 10, 2006); *Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004). Nor is the ALJ's determination saved by his conclusion that plaintiff was limited to work that did not involve performing complex tasks. To the extent this determination coincides with the examining and non-examining psychologists' assessments, it fails to account for the other limitations they found supported by the medical evidence. An ALJ cannot "cherry pick" the record in

this manner, accepting only those pieces of evidence that support a finding of non-disability.  *Hamlin*, 365 F.3d at 1219.

Nor was this error harmless.  Under questioning from plaintiff's counsel, the vocational expert testified that a person who exhibited the specific, moderate anxiety-related limitations found by Dr. Hammer and confirmed by Drs. Bibber and Christensen would be unable to perform competitive work in the national economy.  (Tr. at 232-233.)  The Commissioner therefore failed to carry her burden of proof at step five of the sequential evaluation, necessitating a remand of this case.[3]

**THEREFORE IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

2.  That this case is **REMANDED** to the ALJ, who is directed as follows:

> a.  To reevaluate plaintiff's mental residual functional capacity based on a proper evaluation of the medical source statements of record, as described more fully above, including therein all limitations supported by the medical evidence;
>
> b.  To reevaluate his step five determination as to plaintiff's ability to perform other work in the national economy; and
>
> c.  To reevaluate the disability determination.

Dated January 30, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**

---

[3] I do not intimate by this ruling that plaintiff is or should be found disabled.

**United States District Judge**