# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 05-cv-02125-REB

TATIA L. STEARNS,

    Plaintiff,

v.

LINDA S. McMAHON, Acting Commissioner of Social Security,

    Defendant.

## ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES

**Blackburn, J.**

The matter before me is **Plaintiff's Motion Attorney's Fees Pursuant to the Equal Access to Justice Act** [#21], filed March 1, 2007. I grant the motion.

Plaintiff seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[1] As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that

---

[1] Plaintiff clearly is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

could satisfy a reasonable person." ***Pierce v. Underwood***, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).  Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the government's position.  ***Id***., 108 S.Ct. at 2550; ***Gilbert v. Shalala***, 45 F.3d 1391, 1394 (10th Cir.), ***cert. denied***, 116 S.Ct. 49 (1995).  Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," ***Pierce***, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," ***id***. at 2550 n.2.  For this reason, a finding that the government's position was not supported by substantial evidence does not necessarily lead to a finding that the government's position was not substantially justified.  ***Hadden v. Bowen***, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The government bears the burden of demonstrating that its position was substantially justified.  ***Gilbert***, 45 F.3d at 1394.  The Commissioner, having filed no response to plaintiff's motion, has failed to satisfy that burden here.  Moreover, plaintiff avers that counsel for both parties have stipulated to the amount of fees requested.  Therefore, I find and conclude that plaintiff is entitled to attorney's fees in the amount of $4,500.00.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion Attorney's Fees Pursuant to the Equal Access to Justice Act** [#21], filed March 1, 2007, is **GRANTED**; and

2. That plaintiff is **AWARDED** $4,500.00 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

Dated April 2, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**